IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40625
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER TEAFF,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-99-CR-1004-2)
--------------------
January 21, 2002

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Peter Teaff ("Teaff") appeals his conviction for possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Teaff argues that the evidence presented at his trial was insufficient to support his conviction.

The standard of review of the sufficiency of evidence to support a conviction is "whether any reasonable trier of fact could have found that the evidence established the essential elements of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

To prove possession with intent to distribute a controlled substance, the government must establish beyond a reasonable doubt that the defendant knowingly possessed contraband with the intent to distribute it. United States v. Mendoza, 226 F.3d 340, 345 (5th Cir. 2000). Possession may be "actual or constructive." Id. Knowledge of possession can be proved by circumstantial evidence. United States v. Rodriguez, 993 F.2d 1170, 1175 (5th Cir. 1993).

Our review of the record satisfies us that the evidence presented at Teaff's trial was sufficient to establish that he knowingly possessed the marijuana. See United States v. Gibson, 963 F.2d 708, 710-11 (5th Cir. 1992); see also United States v. Inocencio, 40 F.3d 716, 724-25 (5th Cir. 1994). Consequently, Teaff's conviction and sentence are

AFFIRMED.